### JAMES A. BIBB ET AL. v. NANCY HALL.

[Abstract Kentucky Law Reporter, Vol. 4—616.]

**Instruction Not Objected To.**

When no objection is made to an instruction asked by the plaintiff, but a mere exception is taken, no question is raised by such exception, under Code (1876), § 333, there must be both an objection and an exception.

**Written Evidence Not Authenticated.**

Written evidence not duly authenticated is not admissible, and where on appeal the record fails to disclose that the offered document was authenticated no error is shown by the court's refusal to admit it.

#### APPEAL FROM OWEN CIRCUIT COURT.

January 6, 1883.

OPINION BY JUDGE PRYOR:

The principal defense made by the appellant in this case is a plea of a former adjudication between him and the appellee in regard to the corner, or the line of their respective lands, involving the title or the possession of the land in controversy. There is ample proof in the record that the appellee was in actual possession of the disputed territory, if her boundary line embraced the land in dispute. Her farm or portions of it was rented out to tenants, and the part of the land in dispute was in the woods and unenclosed or not rented, so if her boundary embraced the land she was in possession. There is proof conducing strongly to show that the disputed territory is within her boundary, but if a previous litigation to which she was a party has settled the boundary that ends this case. The record containing the evidence of this

litigation was excluded from the jury because, as we suppose, it was not properly authenticated. There is no certificate of the clerk that it is a copy of any action that had been pending or determined in the Owen court or in any other court, and while this may not have been the reason for its exclusion it comes here in that condition, and this court must hold that it is incompetent to establish any fact affecting the rights of the parties.

The instruction asked by the plaintiff was not objected to. Exceptions were taken, but under the code there must be both an objection and an exception. Code (1876), § 333. The instructions were asked by the plaintiff, given and excepted to. This will not answer, as this court has often decided. The court properly refused to instruct the jury as to the litigation said to have been had by these parties with reference to this land, as the record had been excluded. The fifth instruction was a mere abstract proposition, and in the second instruction the court had told the jury that the land in controversy must be within the boundary of appellee's deed before she could recover, and they must also believe she was in the actual possession.

The testimony in the case authorizes the judgment for the appellee, and we find nothing in the statement of George Smoot that was incompetent or excepted to. Various plats were exhibited to the jury during the progress of the trial, and a plat in use in a litigation with Bibb to which Mrs. Hall was not a party seems to have been used. But we can not say that the exhibition of this plat affected the rights of either party, but on the contrary, from the character of the entire proof, it could not have conduced to influence the jury either way in making up their verdict. The only defense that appellant really has, if any, is in the excluded record. If that was perfected or made competent, it might, if the line in controversy was litigated in that action, constitute a bar to the present proceeding.

The judgment below must be *affirmed*.

*Strother & Orr, Green & Lindsay, D. W. Lindsay, for appellants.*
*Geo. C. Drane, for appellee.*